JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email:        TIPLit@nevadafirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, d/b/a HOLIDAY SYSTEMS INTERNATIONAL, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de C.V., a Mexican corporation; RESORT SOLUTIONS INC., a Virginia corporation; ROYAL ELITE VACATIONS, LLC, a Virginia limited liability company; ROYALE ELITE EXCHANGES LLC, a Virginia limited liability company; and AARON SCHWARZ, an individual,<br><br>Defendants. | CASE NO.:   2:10-cv-00471-LRH-LRL<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE OF PROCESS** |

Plaintiff Holiday Systems International of Nevada ("HSI"), by and through its undersigned counsel, hereby submits this Ex Parte Motion for Additional Time to Effect Service of Process (the "Motion").[1] This Motion is based upon the pleadings and records on file herein, the Memorandum of Points and Authorities set forth below, and any oral argument the Court entertains.

---

[1] HSI seeks *ex parte* relief in this Motion because, as HSI explains *infra*, none of the Defendants has yet to be served in this action.

- 1 -

00007-19/623733.doc

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON



## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. PROCEDURAL OVERVIEW.

On April 6, 2010, HSI filed its Complaint for mark infringement, unfair competition and false designation of origin, breach of contract, breach of the covenant of good faith and fair dealing, misappropriation of confidential and proprietary assets, interference with contractual relationships, unjust enrichment, conversion, inducement to breach contract, and declaratory judgment (Docket No. 1). In its Complaint, HSI noted that, upon information and belief: (1) Defendant Vivarelli, Schwarz and Associates, S.A. de C.V. ("VSA") is a foreign business entity having a principal place of business located at Carretera Cancun-Chetamul km. 295, Playa Del Carmen, Q. Roo, Mexico; and (2) Defendant Aaron Schwarz ("Defendant Schwarz") is an individual with a principal residential address located in Virginia. See Complaint, ¶¶ 7 and 11. Defendants Resort Solutions Inc., Royal Elite Vacations, LLC, and Royal Elite Exchanges LLC (the "Royal Elite Entities") are believed to have principal places of business in Virginia. See Complaint, ¶¶ 8-10.

On April 5, 2010, the Summonses for the Royal Elite Entities were submitted (Attachments to Docket No. 1) and were issued on April 6, 2010 (Docket No. 3 and Attachments). However, to date HSI has not served any of the Royal Elite Entities for reasons explained *infra*.

On May 21, 2010, HSI submitted the proposed Summons (Docket No. 8) and Motion for Issuance of Letters Rogatory (Docket No. 9) with regard to VSA. On May 24, 2010, the Clerk issued the VSA Summons (Docket No. 10). Letters Rogatory were subsequently issued with regard to VSA on June 30, 2010 (Docket No. 11) and the corresponding Exemplification Certificate and certified copies were received by HSI's counsel on July 13, 2010. HSI is currently in the process of coordinating service of process on VSA through appropriate Mexican legal channels.

Since inception of this litigation, HSI has attempted to locate Defendant Schwarz and to determine a valid address in the United States that could be used for the purpose of service of process. Since at least November 2009, HSI has conducted research to locate Defendant

00007-19/623733.doc

Schwarz, including: (1) a reverse search of what is believed to be his current e-mail address using Google, InterNic, and Spokeo; (2) a public records search of Intelius.com; (3) research of potential family or business connections in Florida, Colorado, and Virginia through a private investigator; and (4) research regarding potential fiduciary relationships to the entity-defendants. None of these efforts was successful. For this reason, a proposed Summons has not been submitted to the Court for issuance to Defendant Schwarz. HSI intends to submit, in short order, a motion to serve through alternative means and to seek issuance of a Summons to Defendant Schwarz because he is currently expatriated and residing in Mexico.

**B.     LEGAL ARGUMENT.**

Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign county under Rule 4(f) or 4(j)(1).

Rule 4(f) addresses the procedural requirements of service of process of an individual in a foreign country, and through incorporation by reference the procedure for serving a corporation that is not located within any judicial district of the United States. *See* Fed. R. Civ. P. 4(f) and 4(h)(2). Similarly, Rule 4(j)(1) addresses the procedure for service of process of a foreign state or its political subdivision. Fed. R. Civ. P. 4(j)(1). In the instant matter, service of process of the Royal Elite Entities is subject to Rule 4(m). Service of process of VSA and Defendant Schwarz, however, is subject to the procedural requirements of Rule 4(f) as both VSA and Defendant Schwarz are domiciled in Mexico.

As set forth above, HSI has not yet served the Royal Elite Entities because HSI is highly concerned that providing notice of this action to one or more of these entities will cause VSA and/or Defendant Schwarz to evade service of process in Mexico. HSI has diligently sought to obtain necessary Letters Rogatory and corresponding documents to serve VSA in Mexico. Likewise, HSI has diligently sought to locate an address for Defendant Schwarz in the United

00007-19/623733.doc

States at which service of process could be effectuated, without success. As such, HSI is seeking alternative means to serve Defendant Schwarz in Mexico consistent with Fed. R. Civ. P. 4(m). Critically, HSI believes that making simultaneous service on all Defendants—as best as can be orchestrated—will ensure that none of the Defendants seeks to avert service of process. For this reason, this Court should permit HSI to coordinate service of process based around the service of VSA and Defendant Schwarz in Mexico – a timeframe that HSI's Mexican co-counsel has indicated will take approximately 60 – 90 days.

Under Ninth Circuit jurisprudence, this Court has broad discretion to grant HSI additional time to effectuate service of process on the Royal Elite Entities pursuant to Rule 4(m)—requiring additional time if good cause is shown and permitting additional time even if good cause is not shown. *Mann v. American Airlines, Inc.*, 324 F.3d 1088, 1090 and n. 2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638 (1996)). Similarly, this Court has broad discretion to set the timeframe in which HSI must effectuate service of process on VSA and Defendant Schwarz because the 120-day limitation period set forth in Rule 4(m) does not apply to service of process of an individual or corporation in a foreign country. See *Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of [Rule 4(m) ] makes the 120-day service provision inapplicable to service in a foreign country."). Thus, by this Motion HSI respectfully requests that this Court grant HSI at least an additional ninety (90) days to effectuate service of process on VSA and Defendant Schwarz through appropriate Mexican legal channels, and the same additional time period in which to serve the Royal Elite Entities until such time as both VSA and Defendant Schwarz have been served in Mexico.

///
///
///
///
///
///
///

00007-19/623733.doc

## II. CONCLUSION

For the foregoing reasons, HSI requests that this Court grant HSI a period of at least ninety (90) days to effect service of process on VSA, Defendant Schwarz and the Royal Elite Entities.

DATED this 4th day of August, 2010.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED: 8-6-10

- 5 -