UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, | Case No. 2:10-cv-00471-MMD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Defs.' Objection to Discovery Plan and Scheduling Order and Emergency Motion to Stay Discovery – dkt. no. 73; Plf.'s Motion for Leave to File Sur-Response – dkt. no. 79) |
| VIVARELLI, SCHWARZ, AND ASSOCIATES, S.A. de. C.V., *et al.*, | |
| Defendants. | |

Before the Court is Defendants Resort Solutions, Inc. ("RSI"), Royal Elite Vacation, LLC ("REV"), and Royal Elite Exchanges, LLC's ("REE") Objection to Discovery Plan and Scheduling Order and Emergency Motion to Stay Discovery ("Objection"). (Dkt. no. 73.) Plaintiff Holiday Systems International of Nevada also filed a Motion for Leave to File Sur-Response. (Dkt. no. 79.) The Court grants the latter Motion and affirms the Magistrate Judge's Discovery Plan and Scheduling Order.

**I.   BACKGROUND**

Plaintiff Holiday Systems International of Nevada ("HSI") provides vacation-related business services for vacation ownership resorts and their owners. It has used its name since March 31, 2004, and registered its name as a trademark with the United States Patent and Trademark Office on February 24, 2009.

On or about March 16, 2007, HSI entered into an agreement with Defendant Vivarelli, Schwarz and Associations ("VSA") to market and sell HSI services in Mexico,

VSA's principal place of business. On or about February 1, 2008, HSI entered into a second agreement with VSA for the right to market and sell lodging week packages to members of HSI whom VSA had enrolled pursuant to the first agreement. HSI alleges that VSA breached various provisions of the two contracts beginning in January 2008, including but not limited to continuing to market to VSA clients services that compete with HSI, infringing on an HSI mark, and wrongfully appropriating HSI's confidential assets to benefit HSI competitors. HSI alleges that Defendants RSI, REV, and REE were complicit in these various breaches.

HSI filed this Complaint on April 5, 2010, against VSA, Aaron Schwarz, RSI, REV, and REE alleging Lanham Act trademark infringement, Lanham Act unfair competition and false designation of origin, breach of contract, breach of the covenant of good faith and fair dealing, misappropriation, interference with contractual relationships, unjust enrichment, conversion, inducement to breach contract, and declaratory judgment.

RSI, REV, and REE are Virginia corporations. VSA is a Mexico corporation, and Schwarz is alleged to be a Mexican citizen. RSI, REV, and REE filed a Motion to Dismiss on May 7, 2012, arguing *inter alia* that the suit should be dismissed for lack of personal jurisdiction. (Dkt. no. 56.)

On June 27, 2012, Magistrate Judge Foley ordered the parties to submit a proposed discovery plan and scheduling order pursuant to Local Rule 26-1. (Dkt. no. 69.) In the joint proposed discovery plan, the Moving Defendants articulated their position that discovery ought not commence until a dispositive ruling on their motion to dismiss, while HSI proposed that discovery begin. (Dkt. no. 71 at 2.) After considering both parties' positions and determining that discovery should not be stayed, Judge Foley entered a scheduling order. (Dkt. no. 72 at 1.) Thereafter, the Moving Defendants filed their Objection and again seeking a stay of discovery until their Motion to Dismiss is decided by the Court. HSI filed its Response on August 13, 2012, (dkt. no. 76), and the

///

///

Moving Defendants filed their Reply on August 21, 2012 (dkt. no. 78).[1] As a result, the Court will construe their Objection as a request to review Judge Foley's decision in light of the authority vested in Magistrate Judges to decide pretrial discovery matters. *See* 28 U.S.C. § 636(b)(1)(A).

## II.   LEGAL STANDARD

The Court reviews a magistrate judge's discovery rulings under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); *see also Anderson v. Equifax Info. Servs. LLC*, No. 05-1741-ST, 2007 WL 2412249 at *1 (D. Or. Aug. 20, 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III.   DISCUSSION

RSI, REV, and REE ("the Moving Defendants") request that the Court stay discovery until their Motion to Dismiss is decided. They justify their request on the grounds that jurisdictional challenges are exceptions to the traditional rule that motions to dismiss do not ordinarily warrant a stay of discovery. Since their dismissal motion challenges the Court's personal jurisdiction over this case, the Moving Defendants argue that discovery should be stayed pending a dispositive ruling.

Applying this standard, the Court holds that Judge Foley did not abuse his discretion in denying a stay of discovery. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied."

---

[1] HSI also filed a Motion for Leave to File Sur-Response. (Dkt. no. 79.) The Court grants the Motion, and considered the Sur-Response in preparing this Order.

*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)." Ordinarily, a pending motion to dismiss is not a situation that would mandate a stay of discovery. *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. Mar. 8, 1989). However, preliminary issues such as jurisdiction, venue, or immunity can justify such a stay. *Id.* In such circumstances, a court *may* stay discovery. *See* C. A. Wright, Discovery, 35 F.R.D. 39, 60 (1964) ("An obvious application of this principle – salutary if applied sparingly and with real discretion rather than as an absolute rule – is that courts may stay discovery on the merits of an action until challenges to jurisdiction have been resolved."). Since the decision whether to grant or deny a stay rests firmly in the discretion of the presiding judge, *see Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), this Court will not disturb Magistrate Judge Foley's considered decision in the absence of an abuse of discretion. The Moving Defendants have not demonstrated such an abuse.

**IV.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants Resort Solutions, Inc., Royal Elite Vacation, LLC, and Royal Elite Exchanges, LLC's Objection to Discovery Plan and Scheduling Order and Emergency Motion to Stay Discovery (dkt. no. 73) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Holiday Systems International of Nevada's Motion for Leave to File Sur-Response (dkt. no. 79) is GRANTED.

ENTERED THIS 5th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE