UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA,<br><br>                    Plaintiff,<br><br>      v.<br><br>VIVARELLI, SCHWARZ, AND ASSOCIATES, S.A. de. C.V., *et al.*,<br><br>                    Defendants. | Case No. 2:10-cv-00471-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 56; Plf.'s Counter Motion for Jurisdictional Discovery - dkt. no. 4) |

Before the Court is Defendants Resort Solutions, Inc. ("RSI"), Royal Elite Vacation, LLC ("REV"), and Royal Elite Exchanges, LLC's ("REE") Motion to Dismiss. (Dkt. no. 56.)  Plaintiff Holiday Systems International of Nevada ("HSI") opposes the Motion, and filed a Counter Motion for Jurisdictional Discovery.  (Dkt. nos. 63 and 64)

**I.    BACKGROUND**

HSI provides vacation-related business services for vacation ownership resorts and their owners.  It has used its name since March 31, 2004, and registered its name as a trademark with the United States Patent and Trademark Office on February 24, 2009.

On or about March 16, 2007, HSI entered into an agreement with Defendant Vivarelli, Schwarz and Associations ("VSA") to market and sell HSI services in Mexico, VSA's principal place of business.  On or about February 1, 2008, HSI entered into a second agreement with VSA for the right to market and sell lodging week packages to members of HSI whom VSA had enrolled pursuant to the first agreement.  HSI alleges

that VSA breached various provisions of the two contracts beginning in January 2008, including but not limited to continuing to market to VSA clients services that compete with HSI, infringing on an HSI mark, and wrongfully appropriating HSI's confidential assets to benefit HSI competitors. HSI alleges that Defendants RSI, REV, and REE were complicit in these various breaches.

HSI filed this Complaint on April 5, 2010, against VSA, VSA agent/officer/principal Aaron Schwarz, RSI, REV, and REE alleging Lanham Act trademark infringement, Lanham Act unfair competition and false designation of origin, breach of contract, breach of the covenant of good faith and fair dealing, misappropriation, interference with contractual relationships, unjust enrichment, conversion, inducement to breach contract, and declaratory judgment.

RSI, REV, and REE are Virginia corporations. VSA is a Mexico corporation, and Schwarz is alleged to be a Mexican citizen. RSI, REV, and REE filed this Motion to Dismiss on May 7, 2012, arguing *inter alia* that the suit should be dismissed for lack of personal jurisdiction. (Dkt. no. 56.) HSI responded, arguing that the Court has personal jurisdiction over the claims. (Dkt. no. 63.) In the alternative, HSI seeks an order allowing limited jurisdictional discovery on the personal jurisdiction question. (Dkt. no. 64.)

**II.    DISCUSSION**

RSI, REV, and REE (hereinafter "Virginia Defendants") seek dismissal of HSI's Complaint on two principal grounds: (1) failure to effectuate proper service; and (2) lack of personal jurisdiction.

**A.    Service of Process**

Virginia Defendants complain that HSI failed to timely serve them in violation of Fed. R. Civ. P. 4(m), 12(b)(4), and 12(b)(5). The Court disagrees.

HSI underwent an exhaustive and court-approved journey to serve Schwarz and VSA, which led to the delays that Virginia Defendants now complain about. This process required, among other extraordinary measures, navigating of a complex web of Mexican legal rules, retaining legal services provided by Mexican co-counsel, hiring private

investigators in the United States and in Mexico, and involving the United States Department of State. At the same time, HSI sought court approval to extend service deadlines, all of which were granted.

Of course, the delays in service resulted from the inability to locate and serve VSA and Schwarz, not Virginia Defendants. However, HSI represented to the Court that it needed to serve the former first so as to not jeopardize its extended efforts at effectuating service to the latter. HSI feared that serving Virginia Defendants first would lead to VSA and Schwarz evading service overseas. By issuing its August 6, 2010, and November 5, 2010, Orders, the Magistrate Judge effectively agreed with HSI that service upon VSA and Schwarz before Virginia Defendants was proper. Furthermore, the Court took no action in response to HSI's March 12, 2012, Status Report filed after the Court's Local Rule 41-1 Notice, thereby authorizing the delays in service as to all Defendants.

Even putting aside the Court's tacit authorization of HSI's pursuit of service, the Court holds that Virginia Defendants have not been unjustifiably prejudiced by delays in service. While there can be no serious doubt that the interests in judicial economy and in speedy resolution of litigants' disputes are best served when service is effectuated with dispatch, this case presents an exceptional circumstance that justifies these otherwise lengthy delays. Service upon Mr. Schwarz and VSA was essential to moving this case forward; timely serving Virginia Defendants in advance would have had little effect in pushing the litigation toward resolution. In fact, it might have flustered HSI's efforts to serve all Defendants, if HSI's fears of evading service proved true. As a result, HSI has not unreasonably delayed pursuing its claims to the prejudice of Virginia Defendants, and any invocation of laches must fail.

For these reasons, the Court declines Virginia Defendants' request to dismiss this case with prejudice for failure to effectuate timely service.

B. **Personal Jurisdiction**

Virginia Defendants also seek dismissal of HSI's Complaint arguing that this Court lacks personal jurisdiction over them.

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). This requirement is satisfied since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution." *See Baker v. Eighth Judicial District Court ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

///

### 1. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011). General jurisdiction requires that the defendant engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *CollegeSource, Inc.*, 653 F.3d at 1074 (quoting *Schwarzenegger*, 374 F.3d at 801). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *CollegeSource, Inc.*, 653 F.3d at 1074 (quoting *Tuazon v. R. J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

There can be no doubt that Virginia Defendants' contacts with Nevada are insufficient to confer to this Court general jurisdiction over any claims against them. Like the defendant in *CollegeSource*, Virginia Defendants have no office or staff in Nevada, are not registered to do business in Nevada, and do not have an agent for service of process in Nevada. *See CollegeSource, Inc.*, 653 F.3d at 1074. HSI does not argue that Virginia Defendants' challenged conduct was part and parcel of "continuous and systematic" activity within the state to render them "essentially at home" in Nevada. *See Brown*, 131 S. Ct. at 2851. HSI points to Virginia Defendants' interactive websites as conferring personal jurisdiction, but as the Ninth Circuit has held, Virginia Defendants'

maintenance of an interactive website is insufficient to support general jurisdiction in all states where the website may be accessed from. *See CollegeSource, Inc.*, 653 F.3d at 1075-76.

### 2. Specific Jurisdiction

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource, Inc.*, 653 F.3d at 1075. Courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802)). The party asserting jurisdiction bears the burden of satisfying the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *CollegeSource, Inc.*, 653 F.3d at 1076 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

#### a. Purposeful Direction

"The first prong of the specific jurisdiction test refers to both purposeful availment and purposeful direction." *CollegeSource, Inc.*, 653 F.3d at 1076. Cases involving tortious conduct are analyzed under the rubric of purposeful direction. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). In tort cases, the Ninth Circuit asks whether a defendant "purposefully directs" her activities at the forum state and applies an "effects" test that looks to where the defendant's actions were felt, rather than on where the actions occurred. *Yahoo! Inc. v. La Ligue Contre Le Racism Et L'Antisemitisme*, 433

F.3d 1199, 1206 (9th Cir. 2006) (en banc) (quoting *id.* at 803.). [In contract cases, a court inquires into whether the defendant "purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc.*, 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at 802).] The "effects test" requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1206 (quoting *id.* at 803).

Here, HSI alleges that Virginia Defendants committed various intentional acts, but it is not clear that these acts were expressly aimed at Nevada, or that Virginia Defendants knew that the harm caused was likely to be suffered in Nevada. On its face, HSI's argument is as follows: (1) Virginia Defendants engaged in unlawful conduct; (2) that unlawful conduct harmed HSI; (3) HSI is a Nevada company and entered into a contract with VSA governed by Nevada law; (4) therefore the harm caused by Virginia Defendants occurred in Nevada. There are no more allegations concerning how Virginia Defendants' various violations were targeted at the forum state and caused harm in the forum state. Simply because the tort victim is itself a Nevada corporation does not create purposeful direction against Nevada — otherwise, the requirement for specific jurisdiction would always be met so long as the plaintiff is a citizen of the forum state.

Nevertheless, the Court will permit the parties to engage in limited discovery on the issue to determine whether Virginia Defendants' conduct was directed toward Nevada. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (noting that "a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction" if "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary") (internal quotations and citations omitted). Specifically, discovery will be opened to determine appropriate facts to answer each of the four issues raised on pages 21 to 22 of HSI's Counter Motion. (*See* dkt. no. 64.) Virginia Defendants' opposition to

limited discovery is meritless. HSI has alleged, albeit in conclusory fashion, that Virginia Defendants purposefully direct actions in Nevada, some of which have given rise to the violations complained about. (Dkt. no. 1 at ¶ 17.) Virginia Defendants' websites may create the level of contacts with Nevada required to establish specific jurisdiction, contingent on the nature of the websites and their role in the conduct HSI complains about. Without the required facts into the scope and nature of such conduct in Nevada, and the extent to which Virginia Defendants conduct business in the state or with consumers in the state, the Court cannot determine whether it may exercise jurisdiction over HSI's claims against Virginia Defendants. Accordingly, limited discovery for "a more satisfactory showing of the facts is necessary." *Id.*

### b.   Arising out of Forum-Related Activities

As noted above, HSI has failed to establish how Virginia Defendants' conduct is forum-related. Taking HSI's allegations in the Complaint as true, the Court cannot assure itself that Virginia Defendants' alleged misconduct occurred in Nevada. However, as ruled above, the Court opens limited discovery for the parties to present sufficient facts on questions.

### c.   Reasonableness

Having insufficient facts to conclude whether it can exercise personal jurisdiction over Virginia Defendants, the Court declines to consider the reasonableness of haling Virginia Defendants to this Court until the close of limited discovery.

### III.   CONCLUSION

IT IS HEREBY ORDERED that Defendants Resort Solutions, Inc., Royal Elite Vacation, LLC, and Royal Elite Exchanges, LLC's Motion to Dismiss (dkt. no. 56) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Holiday Systems International of Nevada's Counter Motion for Jurisdictional Discovery (dkt. no. 64) is GRANTED as follows:

///

1. Limited jurisdictional discovery shall commence beginning on the date of entry of this Order until and including April 8, 2013.
2. Virginia Defendants may file a renewed motion to dismiss for lack of personal jurisdiction after the close of this discovery period, but must file any such motion by May 6, 2013.

IT IS SO ORDERED.

ENTERED THIS 8th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE