UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, | Case No. 2:10-cv-00471-MMD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Plaintiff's Applications for Default Judgment – dkt. nos. 94 & 95) |
| VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de. C.V., et al., | |
| Defendants. | |

I. **SUMMARY**

Before the Court are Plaintiff Holiday Systems International of Nevada's ("HSI") two applications for default judgment: (1) Application for Default Judgment Against Defendant Vivarelli, Schwarz and Associates S.A. de C.V. (dkt. no. 94); and (2) Application for Default Judgment Against Defendant Aaron Schwarz (dkt. no. 95). For the reasons discussed below, both applicants are granted.

II. **BACKGROUND**

HSI provides vacation-related business services for vacation ownership resorts and their owners. It has used its name since March 31, 2004, and registered its name as a trademark with the United States Patent and Trademark Office on February 24, 2009.

On or about March 16, 2007, HSI entered into an agreement with Defendant Vivarelli, Schwarz and Associates ("VSA") to market and sell HSI services in Mexico,

VSA's principal place of business. On or about February 1, 2008, HSI entered into a second agreement with VSA for the right to market and sell lodging week packages to members of HSI whom VSA had enrolled pursuant to the first agreement. HSI alleges that VSA breached various provisions of the two contracts beginning in January 2008, including but not limited to continuing to market to VSA clients services that compete with HSI, infringing on an HSI mark, and wrongfully appropriating HSI's confidential assets to benefit HSI competitors.

HSI filed the Complaint on April 5, 2010, against VSA, VSA agent/officer/principal Aaron Schwarz, RSI, REV, and REE alleging Lanham Act trademark infringement, Lanham Act unfair competition and false designation of origin, breach of contract, breach of the covenant of good faith and fair dealing, misappropriation, interference with contractual relationships, unjust enrichment, conversion, inducement to breach contract, and declaratory judgment. HSI alleges that Defendants RSI, REV, and REE were complicit in these various breaches. HSI further alleges that Defendant Schwarz acted as an agent, officer, director or principal of VSA, RSI, REV and/or REE, or otherwise acted in concert with them and is therefore personally, jointly and severally liable for the tortious actions alleged in the Complaint. HSI asserts three tort claims against Schwarz for misappropriation, interference with contractual relationships and inducement to breach contract.

On March 6, 2012, HSI served the Summons and Complaint on VSA and Schwarz. (Dkt. nos. 44 & 45.) Neither party has appeared or otherwise responded to the Complaint. This resulted in the Clerk's entry of default on April 23, 2013, in response to Plaintiff's motions. (Dkt. no. 53.) Plaintiff now seeks default judgment against VSA and Schwarz.

III.  **DISCUSSION**

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

HSI has satisfied the requirements for default judgment pursuant to Fed. R. Civ. P. 55(b) and *Eitel*. The Clerk properly entered a default against VSA and Schwarz pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 53.) Since these defendants have not answered or otherwise responded to the Complaint, the notice requirement of Rule 55(b)(2) is not implicated. Moreover, HSI's two applications thoroughly addressed the *Eitel* factors for obtaining default judgment. The Court agrees with HSI that the possibility of prejudice to Plaintiff is great in light of VSA and Schwarz's failure to appear, the Complaint sufficiently alleges meritorious claims against VSA and Schwarz, there is no possibility of a dispute concerning material facts given VSA and Schwarz's failure to respond to the Complaint and there is nothing before the Court to suggest that their failure to respond is due to excusable neglect. While there is a strong public policy

favoring decisions on the merits, VSA and Schwarz's failure to respond to the Complaint makes a decision on the merits impossible. HSI seeks significant damages, however, the Court finds that based on the evidence presented, the damages requested are consistent with the terms of the contracts, applicable statutes and state laws.

The Court further finds that HSI's request for attorneys' fees and costs is reasonable and properly supported by affidavit of its counsel.

## IV.  CONCLUSION

It is therefore ordered that Plaintiff's Application for Default Judgment Against Defendant Vivarelli, Schwarz and Associates S.A. de C.V. (dkt. no. 94) and Application for Default Judgment Against Defendant Aaron Schwarz (dkt. no. 95) are granted. The Court will enter the proposed order for a permanent injunction against VSA. Plaintiff is directed to submit a proposed order awarding damages and attorneys' fees against VSA and Schwarz.

DATED THIS 17th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE