JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 09549
Email: tedwards@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  702/791-0308
Facsimile:  702/791-1912

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, d/b/a HOLIDAY SYSTEMS INTERNATIONAL, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de C.V., a Mexican corporation; RESORT SOLUTIONS INC., a Virginia corporation; ROYAL ELITE VACATIONS, LLC, a Virginia limited liability company; ROYALE ELITE EXCHANGES LLC, a Virginia limited liability company; and AARON SCHWARZ, an individual,<br><br>Defendants. | CASE NO.: 2:10-cv-00471-MMD-(GWF)<br><br>**PERMANENT** INJUNCTION AGAINST DEFENDANT VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. DE C.V. |

THIS MATTER having come before the Court on Plaintiff Holiday Systems International of Nevada's ("HSI") Application for Default Judgment Against Defendant Vivarelli, Schwarz and Associates, S.A. de C.V. (the "Application"), and the Court having been fully apprised regarding the Application, it is thereby ORDERED, ADJUDGED and DECREED that,

Defendant VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de C.V. ("VSA") is hereby **PERMANENTLY** RESTRAINED and ENJOINED in the following manner pursuant to 15 U.S.C. § 1116:

///

- 1 -

00007-19/1113315

1.   VSA, and any and all of its managers, members, officers, directors, shareholders, agents, servants, employees, attorneys, partners, or any other persons or entities acting for, with, by, through or under VSA, is and are enjoined and restrained from:

    a.   directly or indirectly infringing the mark CASH EXCHANGE (the "HSI Mark") by marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting or causing the marketing, offering, selling, disposing, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting, developing or manufacturing, or linking of, any goods or services derived from, bearing, including, or in association with, the HSI Mark, or ordering, directing, participating or assisting in any such activities;

    b.   using in any manner the HSI Mark, or any term or terms likely to cause confusion therewith, in association with any Internet domain names and/or webpages accessible through any Internet domain names (collectively hereinafter, "Infringing Webpages"), and any and all variants thereof, including, without limitation, as a domain name, directory name, or other such computer address, as the name of a website, in buried code or metatags, and/or on any of VSA's websites or other Infringing Webpages, or in connection with the retrieval of data or information with respect to VSA's goods or services, or in connection with the advertising or promotion of VSA's goods, services or websites, or ordering, directing, participating or assisting in any such use, or linking to and from any such Infringing Webpages; and

    c.   registering any domain name embodying in any manner and to any extent the HSI Mark or facilitating the sale or registration of any such domain name, or offering for sale or registration any such domain name, or ordering, directing, participating or assisting in any such use;

///

      2.    VSA is hereby directed to preserve, retain and deliver to HSI's counsel, in hard copies or electronic copies: (a) all evidence and documentation relating in any way to VSA's use of a name or mark that infringes the HSI Mark, in any form, including, without limitation, all evidence and documentation relating to any Infringing Webpages, or any other webpages or services where VSA has used such names or marks; (b) all such evidence and documentation relating to the names and addresses (electronic mail or otherwise) of any person with whom VSA has communicated regarding VSA's use of any name or mark that infringes the HSI Mark, in any form, including, but not limited to, any Infringing Webpages, or any other webpages or services where VSA has used such names or marks; and (c) all financial evidence and documentation relating to VSA's websites, services or products, or advertising, which appear or are offered on or through VSA's websites, including, but not limited to, any Infringing Webpages, which are related in any way to VSA's uses of a name or mark that infringes the HSI Mark;

      3.    VSA is hereby directed to file with this Court, and to serve upon HSI's counsel, within thirty (30) days after entry against VSA of the injunctive relief set forth herein, a report in writing under oath setting forth in detail the manner and form in which VSA has complied with said injunctive relief, pursuant to 15 U.S.C. § 1116(a);.

IT IS SO ORDERED.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE
DATED: January 17, 2014

00007-19/1113315