JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 09549
Email: tedwards@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, d/b/a HOLIDAY SYSTEMS INTERNATIONAL, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de C.V., a Mexican corporation; RESORT SOLUTIONS INC., a Virginia corporation; ROYAL ELITE VACATIONS, LLC, a Virginia limited liability company; ROYALE ELITE EXCHANGES LLC, a Virginia limited liability company; and AARON SCHWARZ, an individual,<br><br>Defendants. | CASE NO.: 2:10-cv-00471-MMD-(GWF)<br><br>**NOTICE OF SUBMISSION OF AMENDED [PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANT VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. DE C.V.** |

Plaintiff Holiday Systems International of Nevada ("HSI"), by and through its undersigned counsel, hereby submits this Notice of Submission of Amended [Proposed] Default Judgment Against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V., pursuant to this Court's Order entered on January 30, 2014 (Dkt. No. 104).

HSI submitted its Application for Default Judgment Against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V. (the "VSA Application") on July 18, 2013 (Dkt. No. 94). Therein, VSA requested the following remedies:

///

- 1 -

1. Statutory damages in the amount of $100,000.00 for VSA's violations of 15 U.S.C. § 1114 in wrongfully, unlawfully and willfully using the infringing mark CASH EXCHANGE, as alleged in Paragraphs 47 – 55 of the Complaint. HSI made this election of remedies pursuant to the rights afforded it under 15 U.S.C. § 1117(c)(2) (*see* Affidavit of Neil Snyder (the "Snyder Aff."), submitted in support of the VSA Application, at ¶ 21);

2. Actual, special and consequential damages in the amount of $186,081.73 for VSA's breach of contract and breach of the covenant of good faith and fair dealing (*see* Snyder Aff., at ¶¶ 19, 20);

3. For attorneys' fees in the amount of $76,146.21 pursuant to the express terms of the contracts at issue in this action, and pursuant to 15 U.S.C. § 1117(a) and LR 54-16 (*see* Affidavit of James D. Boyle, Esq. (the "Boyle Aff."), submitted in support of the VSA Application, at ¶¶ 6 – 22);

4. For costs in the amount of $9,070.52 pursuant to the express terms of the contracts at issue in this action, and pursuant to 15 U.S.C. § 1117(a) and LR 54-1 (*see* Boyle Aff., at ¶ 22);

5. For the entry of permanent injunctive relief against VSA pursuant to 15 U.S.C. § 1116; and

6. Prejudgment and post-judgment interest as permitted by applicable law.

*See* VSA Application, at 3:25 thru 4:14; 12:10-14.

This Court granted the VSA Application in its entirety on January 17, 2014 (Dkt. No. 99), and entered a Permanent Injunction against VSA on this same date (Dkt. No. 100).

Subsequently, HSI submitted a [Proposed] Default Judgment Against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V. on January 29, 2014 (Dkt. No. 102). On January 30, 2014, this Court denied HSI's proposed judgment without prejudice because "[t]he amount of damages requested in the proposed judgment exceed the amount requested in the application for default judgment and granted by the Court."

In reviewing the VSA Application, counsel for HSI believes that the error lies in the requested damages award regarding VSA's breach of contract and breach of the covenant of good faith and fair dealing. In the Snyder Aff., and Exhibit A-6 submitted in support thereof, HSI set forth the total of all monies due and owing to HSI as of July 17, 2013, pursuant to the Sales Agreement at issue in this matter, together with accrued interest and late payments, as $186,071.73. However, in the VSA Application and in the initial proposed judgment, HSI's

counsel erred in asserting that the amount due and owing to HSI for these actual, consequential and special damages was $280,139.04—an amount based upon a calculation of interest and late fees for a 3.5 year period dating from the initial breach by VSA. Counsel for HSI apologizes to the Court for the error.

Attached hereto as Exhibit A is an Amended [Proposed] Default Judgment Against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V., which comports with the damages and remedy request made in the VSA Application.

DATED this 30th day of January, 2014.

**COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON**

_/s/ F. Thomas Edwards_
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 09549
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

00007-19/1226485.doc

Exhibit A

JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 09549
Email: tedwards@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:    702/791-1912

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, d/b/a HOLIDAY SYSTEMS INTERNATIONAL, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. de C.V., a Mexican corporation; RESORT SOLUTIONS INC., a Virginia corporation; ROYAL ELITE VACATIONS, LLC, a Virginia limited liability company; ROYALE ELITE EXCHANGES LLC, a Virginia limited liability company; and AARON SCHWARZ, an individual,<br><br>Defendants. | CASE NO.:   2:10-cv-00471-MMD-(GWF)<br><br>**AMENDED [PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANT VIVARELLI, SCHWARZ AND ASSOCIATES, S.A. DE C.V.** |

THIS MATTER having come before the Court pursuant to Plaintiff Holiday Systems of Nevada's ("HSI") Application for Default Judgment Against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V. (the "VSA Application") (Dkt. No. 94), and the Court having reviewed the pleadings and papers submitted in support thereof and having granted the VSA Application in its entirety (*see* Dkt. No. 99), now, therefore,

It is hereby ORDERED, ADJUDGED and DECREED that judgment is entered against Defendant Vivarelli, Schwarz & Associates, S.A. de C.V. ("VSA") as follows:

///

- 1 -

1. HSI shall recover statutory, actual, special and consequential damages against VSA in the amount of **$286,081.73**, consisting of the following:

   a. Pursuant to 15 U.S.C. § 1117(c)(1), HSI is hereby awarded statutory damages against VSA in the amount of $100,000.00 for VSA's violations of 15 U.S.C. § 1114, which shall bear prejudgment interest at the statutory allowance of 28 U.S.C. § 1961 as set forth below; and

   b. HSI is hereby awarded actual, special and consequential damages against VSA in the total amount of $186,081.73 for VSA's breach of contract and breach of the covenant of good faith and fair dealing, which shall bear prejudgment interest at the statutory allowance of N.R.S. § 17.130 as set forth below.

2. HSI is hereby awarded attorneys' fees incurred in the prosecution of this action against VSA in the amount of **$76,146.21**, pursuant to the terms of the Sales Agreement at issue in this action and 15 U.S.C. § 1117(a).

3. HSI is hereby awarded its costs incurred in the prosecution of this action in the amount of **$9,070.52**, jointly and severally with Defendant Aaron Schwarz, as set forth in the Bill of Costs filed by HSI pursuant to LR 54-1, the terms of the Sales Agreement at issue in this action, and 15 U.S.C. § 1117(a).

4. HSI is awarded prejudgment statutory interest in the amount of **$38,212.87**, pursuant to 28 U.S.C. § 1961 and N.R.S. § 17.130.[1]

5. HSI shall recover the aggregate judgment amount of **$409,511.33** against VSA, as denoted in Paragraphs 1 – 4 above.

///

///

///

---

[1] The calculation of prejudgment interest pursuant to 28 U.S.C. § 1961 and N.R.S. § 17.130 is made through January 31, 2014 for the damages awarded to HSI under federal law and state law (Paragraphs 1(a) and 1(b) above), respectively.

6. HSI is awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

IT IS SO ORDERED.

DATED this _____ day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

00007-19/1226368.doc

- 3 -